IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARY ANN MADDEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 7:23-cv-197 |
| COSTCO WHOLESALE CORPORATION | § | |
| AND ANTONIO CERVANTES | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL

Comes now Defendant COSTCO WHOLESALE CORPORATION ("Costco") and pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal to the United States District Court for the Southern District of Texas, McAllen Division and respectfully shows the Court the following:

## PROCEDURAL BACKGROUND

1.      This personal injury suit arises out of an incident that occurred on September 5, 2021, at Costco located at 1501 West Kelly Avenue, Pharr, Hidalgo County, Texas 78577. Plaintiff Mary Ann Madden alleges she was walking in an aisle inside Costco when a high stack of chairs fell towards and on top of her. Plaintiff is now suing Defendant Costco and asserting causes of action for contributory negligence, gross negligence and premises liability.

2.      On April 18, 2023, Plaintiff Mary Ann Madden filed suit against Costco Wholesale Corporation in the 92nd Judicial District Court of Hidalgo County, Texas. Defendant Costco was served with said suit on May 22, 2023.  Defendant Antonio Cervantes was served with said suit on May 17, 2023.

882066 (8407.4)                    1

3.     Defendant Antonio Cervantes has been improperly joined to the suit. Defendant Antonio Cervantes was served with said suit on May 17, 2023. Defendant Cervantes consents to the removal. However, Defendant Cervantes' consent is not required because she was improperly joined to this suit. *Jernigan v. Ashland Oil Inc*., 989 F.2d 812, 815 (5th Cir. 1993) ("[A]s a general rule, removal requires the consent of all co-defendants. [A]pplication of this requirement to improperly. . . joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.").

4.     This removal is filed within 30 days of service upon Costco and is therefore timely filed under 28 U.S.C. § 1446(b).

5.     This United States District Court for the Southern District of Texas, McAllen Division, is the district and division embracing the place where such action is pending.  *See* 28 U.S.C. § 124(4).

6.     Costco, concurrently with the filing of this petition, has given written notice of the filing of this Notice of Removal to all parties of record and to the Clerk of the District Court in Hidalgo County, Texas.

7.     Pursuant to 28 U.S.C. § 1446, documents filed in the state court action are attached to this Notice of Removal and are incorporated herein by reference.

8.     Costco expressly reserves the right to raise all defenses and objections to Plaintiff's claims or to otherwise plead after the action is removed to this Honorable Court.

### REMOVAL BASED ON DIVERSITY JURISDICTION

9.     This Court has jurisdiction based on 28 U.S.C. §1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States."  Plaintiff seeks recovery of damages in the form of "monetary

relief in excess of $1,000,000." (Ex. 1), Plaintiff's Original Petition, Paragraph 13.1(A). As such, the amount in controversy is satisfied. *See* 28 U.S.C. § 1446(c)(2).

10.     Plaintiff alleges that she is an individual who resides in Hidalgo County, Texas. (Ex. 1, Paragraph 2.1) Thus, she is a citizen of the state of Texas.

11.     Costco Wholesale Corporation is a corporation incorporated under the laws of the State of Washington. At the time of the incident that gives rise to this claim and continuing to the current date, Costco Wholesale Corporation's principal place of business is in Issaquah, Washington. Thus, Costco is a citizen of Washington and complete diversity of citizenship exists between Plaintiff and Costco.

12.     Defendant Antonio Cervantes is a citizen of Texas, who has been improperly joined and whose citizenship should be disregarded.   Because Defendant Cervantes was improperly joined in this case, this Court has diversity of citizenship subject matter jurisdiction under 28 U.S.C. § 1332.

13.     Since complete diversity of citizenship exists and the amount in controversy is in excess of $75,000, exclusive of interests and costs, this Court has original jurisdiction over this action. *See* 28. U.S.C. 1332(a). As a result, this action is removable pursuant to 28 U.S.C. §1441(a).

## IMPROPER JOINDER

14.     The improper joinder doctrine is a narrow exception to the complete diversity requirement.  *Cuevas v. BAC Home Loans Servicing, LP,* 648 F.3d 242, 249 (5th Cir. 2011).  A defendant may establish improper joinder by showing: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-

diverse party in state court." *See Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004).

15.     Here, the second method of improper joinder applies because Plaintiff cannot establish a cause of action against Defendant Cervantes in state court.  To prove establish improper joinder, Costco must demonstrate that "there is no possibility of recovery" by Plaintiff against Defendant Cervantes, "which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* at 573.  "A mere theoretical possibility of recovery in state court will not preclude a finding of improper joinder." *African Methodist Episcopal Church v. Lucien,* 756 F.3d 788, 793 (5th Cir. 2014) (citing *Smallwood*).

16.     Courts analyze whether a plaintiff has a reasonable basis for recovery by undertaking a "Rule 12(b)(6) analysis, looking initially at the complaint's allegations to determine whether it states a claim on which relief can be granted against the in-state defendant. *Id.* at 573.  Generally, if the plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. *Id.*

17.     Courts' determinations regarding improper joinder should be made on the basis of federal pleading standards, rather than state standards.  *Int'l Energy Ventures Mgmt.L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 2008 (5th Cir. 2016).  Accordingly, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "Factual allegations must be enough to raise a right to

4

relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. Additionally, a plaintiff must demonstrate the plausibility of his claim with case-specific facts, not mere conclusions: "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft*, 556 U.S. at 678. "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.*

18.     Moreover, a corporate manager or agent may be held personally liable to others "only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Leitch v. Hornsby,* 935 S.W.2d 114, 117 (Tex. 1996). The example provided by the Court in *Leitch* is of an agent who negligently causes a motor vehicle accident. In such case, that agent would be able to be held personally liable in addition his employer. *Ibid.*

19.      In the present case, any duty owed by Defendant Cervantes to Plaintiff was owed entirely in his capacity as a manager for Costco. Plaintiff has asserted no facts or legal arguments that would establish, and the relevant case law does not support a finding of individual liability on Defendant Cervantes for negligence or premises liability in the instant case.

20.     A review of Plaintiff's complaint reveals that her pleading contains nothing more than labels, generic allegations and conclusory statements.  Plaintiff's allegations lack specificity and detail and fail to allege any misconduct of Cervantes.   The claims and general and conclusory allegations made by Plaintiff in her complaint are indistinguishable from the claims and acts of Costco and completely fail to state a plausible cause of action against Cervantes. Accordingly, Defendant Cervantes was improperly joined by Plaintiff and this Court has jurisdiction over this case. *See Solis v. Wal-Mart Stores E., L.P.*, 617 F. Supp. 2d 476, 481 (S.D.

5

Tex. 2008) (unknown store manager had no personal role in slip-in-fall case); *Gonzalez v. Wal-Mart Stores*, SA-10-CV-120-XR, 2010 WL 1417748, at *2 (W.D. Tex. Mar. 31, 2010) (store manager had no personal role in slip-in-fall case, the court noting "Plaintiff does not plead that [Defendant] personally directed or personally participated in any of the alleged negligent acts").

21.     Based on the foregoing, Plaintiff has no valid claim against the non-diverse Defendant Cervantes, and naming Defendant Cervantes as a defendant in this matter constitutes an improper joinder under Federal law and therefore does not defeat complete diversity of the parties.

## JURY DEMAND

22.     Defendant Costco demands a jury on all triable issues pursuant to Federal Rules of Civil Procedure 38 and 81(c).

**WHEREFORE, PREMISES CONSIDERED**, Defendant Costco Wholesale Corporation prays that this Court accept its Notice of Removal for filing in accordance with the provisions of 28 U.S.C. § 1441, *et. seq.*, and grant other relief to which the Defendant may be justly entitled.

Respectfully submitted,

**RAY | PEÑA | McCHRISTIAN, P.C.**
McAllister Plaza
9601 McAllister Freeway, Suite 901
San Antonio, Texas 78216
(210) 341-3554 Telephone
(210) 341-3557 Facsimile
jpena@raylaw.com
gpytel@raylaw.com


*/S/ Joseph G. Peña*
**JOSEPH G. PEÑA**
State Bar No. 24052898
**GABRIEL E. PYTEL**

6

882066 (8407.4)

State Bar No. 24097242
*Attorney for Defendant Costco Wholesale Corporation*

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on June 15, 2023, a true and correct copy of the foregoing document filed electronically with the clerk of the Court in accordance with Texas Rule of Civil Procedure 21 (f)(1), is served on the party or attorney electronically pursuant to Texas Rule of Civil Procedure 21a (a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a (a)(2).

The following parties or attorney(s) are served with the foregoing document:

*VIA E-FILE &/OR EMAIL*
Osiris A. Gonzalez
Juan Roberto Stillman
THE OSIRIS A. GONZALEZ LAW FIRM, P.L.L.C.
2015 E. Griffin Parkway
Mission, Texas 78572
(956) 583-4404 (956) 582-4401 (Fax)
oag@oaglawfirm.com
juan@oaglawfirm.com
*Attorneys for Plaintiff*

/S/ Joseph G. Peña
Joseph G. Peña

882066 (8407.4)